NO. COA14-1

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

   v.

OMARI JIBRI WILLIAMS

Buncombe County
No. 11 CRS 51219


Upon writ of *certiorari* from judgment entered 15 December 2011 by Judge Richard L. Doughton in Buncombe County Superior Court. Heard in the Court of Appeals 22 April 2014.

> *Roy Cooper, Attorney General, by Kevin G. Mahoney, Assistant Attorney General, for the State.*
>
> *Craig M. Cooley for defendant-appellant.*


STEELMAN, Judge.


Where defendant failed to make a motion to dismiss at the close of all of the evidence, he waived the right to appeal that issue. Where there was substantial evidence presented that defendant should reasonably have known that the crash resulted in serious bodily injury to a person, it was for the jury to determine the weight and credibility of the evidence. Defendant failed to show prejudice arising from the failure of his counsel to make a motion to dismiss at the close of all of the evidence.

## I. Factual and Procedural Background

On the evening of 28 January 2011, Omari Jibri Williams (defendant) had been drinking with friends at several bars in Asheville. Defendant drove home at 2 a.m., on Emma Road, an unlighted and curving road. He was driving a van belonging to a friend. Defendant struck something, and stopped the vehicle, but was unable to ascertain what the vehicle had struck. There was a hole in the windshield, the right front headlight was broken, the antenna bent, the right front signal light was broken, and the front of the vehicle was dented.

The vehicle had struck Richard Leroy McCoy (McCoy), who was walking on the edge of the road, hurling him forty feet to a point twelve feet off of the side of the road. McCoy was found at 8:30 a.m. on 29 January 2011 by a passerby. The investigation by the Highway Patrol found debris from the van. From a part number found on a piece of debris, investigators were able to identify the type of vehicle involved. A surveillance video from a nearby convenience store showed a white van with damage to the right front of the vehicle.

Defendant heard about the accident on the news on 30 January 2011. He contacted the Asheville Police Department, and turned himself in to the Highway Patrol. Defendant waived his

*Miranda* rights, and gave statements that he knew he hit something, but did not know what it was at the time.

On 2 May 2011, defendant was indicted for felonious hit and run, and driving while license revoked. Defendant pled guilty to driving while license revoked, but not guilty to felonious hit and run. At trial, defendant stipulated that he had struck McCoy, but that it was an accident, and he lacked knowledge of who or what he had struck. Defense counsel did not move to dismiss the hit and run charge at the close of the State's evidence, nor at the close of all of the evidence.

The jury found defendant guilty of felonious hit and run. Defendant was sentenced to an active term of incarceration of 19-23 months, and ordered to pay $20,348.46 in restitution.

On 1 May 2013 this Court granted defendant's petition for writ of *certiorari*.

## II. Motion to Dismiss

In his first argument, defendant contends that the State did not present sufficient evidence of the crime of felonious hit and run. We dismiss this argument.

### A. Standard of Review

"In order to preserve a question for appellate review, a party must have presented the trial court with a timely request,

objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991); *see also* N.C.R. App. P. 10(a)(1).

## B. Analysis

Defendant contends that the State did not present sufficient evidence of felonious hit and run. However, defendant did not move to dismiss that charge either at the close of the State's evidence or at the close of all of the evidence. The question of the sufficiency of the State's evidence is therefore not preserved for appellate review. This argument is dismissed.

## III. Ineffective Assistance of Counsel

In his second argument, defendant contends that he was denied effective assistance of counsel. We disagree.

## A. Standard of Review

"When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell,* 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). In order to meet this burden,

> First, the defendant must show that counsel's performance was deficient. This

> requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*State v. Campbell*, 359 N.C. 644, 690, 617 S.E.2d 1, 29 (2005) (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 80 L.Ed.2d 674, 693 (1984)). "Prejudice is established by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Both prongs of this test must be met to prevail on an ineffective assistance of counsel claim." *Id*. at 690, 617 S.E.2d at 29-30 (quotations and citations omitted).

## B. Analysis

Defendant contends that trial counsel's failure to make a motion to dismiss at the close of all of the evidence constituted ineffective assistance of counsel.

Defendant was indicted for a violation of N.C. Gen. Stat. § 20-166(a), which provides:

> (a)  The driver of any vehicle who knows or

reasonably should know:

(1) That the vehicle which he or she is operating is involved in a crash; and

(2) That the crash has resulted in serious bodily injury, as defined in G.S. 14-32.4, or death to any person;

shall immediately stop his or her vehicle at the scene of the crash. The driver shall remain with the vehicle at the scene of the crash until a law-enforcement officer completes the investigation of the crash or authorizes the driver to leave and the vehicle to be removed, unless remaining at the scene places the driver or others at significant risk of injury.

N.C. Gen. Stat. § 20-166(a) (2013).

We address defendant's argument, under the second prong of the *Strickland* test, as to whether defendant has shown that there was a reasonable probability that, but for counsel's failure to make a motion to dismiss, the result of the proceeding would have been different. We hold that defendant has failed to meet this burden.

Defendant's argument on appeal is that he repeatedly stated that he did not know what the van struck. He further argues that his assertion was "objectively reasonable[.]" This restricts defendant's argument as to the element of the charge pertaining to whether he knew or should reasonably have known that the vehicle was involved in a collision resulting in

serious bodily injury to a person. Assuming *arguendo* that the issue of the sufficiency of the evidence had been preserved, our standard of review would be whether the State presented substantial evidence of defendant's knowledge of the fact that the crash resulted in serious bodily injury to a person. *See State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). Such evidence can be either direct or circumstantial. *See State v. Miles*, ___ N.C. App. ___, ___, 730 S.E.2d 816, 822, *disc. review denied,* 366 N.C. 414, 734 S.E.2d 858 (2012) and *aff'd,* 366 N.C. 503, 750 S.E.2d 833 (2013). To withstand a motion to dismiss, the evidence, whether direct or circumstantial, must be "substantial;" that is, it must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In addition, in considering the evidence upon a defendant's motion to dismiss, the trial court is required to view the evidence in the light most favorable to the State. *See State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). Where the defendant presents evidence, as was done in the instant case, "it is not to be considered by the trial court upon

defendant's motion to dismiss unless favorable to the State." *State v. Beam*, 201 N.C. App. 643, 650, 688 S.E.2d 40, 45 (2010).

Applying these legal principles to all of the evidence presented, we conclude that there was sufficient evidence for this case to have been submitted to the jury. Whether defendant's assertion that he did not know that the van struck a person was "objectively reasonable" is not the correct standard of review. The State can establish the knowledge element of the offense of felonious hit and run by showing either that defendant actually knew, or that he reasonably should have known, that the vehicle which he was operating struck a person.

We hold that the analysis contained in the unpublished opinion of *State v. Wemyss*, ___ N.C. App. ___, 722 S.E.2d 14 (unpublished), *disc. review denied*, 366 N.C. 220, 726 S.E.2d 857 (2012), is persuasive on this point:

> Aside from his misplaced reliance upon *Fearing*, Defendant's challenge to the sufficiency of the evidence to support his conviction rests upon the contention that (1) Defendant's own testimony concerning the events surrounding the accident, including his claim to have been unaware that he had hit or harmed Mr. Holder, coupled with the absence of certain specified items of physical evidence should have precluded a finding of guilt given the weakness of the circumstantial evidence presented by the State and (2) that Mr. Scott's challenge to the adequacy of the investigation into the

> collision conducted by the investigating officers completely undermined the State's case. However, as we have previously noted, the weight and credibility to be afforded to the testimony of particular witnesses is a matter for determination by the jury rather than a reviewing court. *State v. Moses,* 350 N.C. 741, 767, 517 S.E.2d 853, 869 (1999), *cert. denied,* 528 U.S. 1124, 120 S.Ct. 951, 145 L.Ed.2d 826 (2000). For all of these reasons, we do not believe that Defendant's challenge to the sufficiency of the evidence to support his conviction has merit.

*Id.*

In the instant case, defendant knew that the van that he was operating struck something on Emma Road in the early morning hours of 29 January 2011. This impact caused substantial damage to the right front of the vehicle. Defendant had been drinking that night, was driving without a valid license, and had a prior driving while impaired conviction. Defendant failed to report the collision to law enforcement, and did not turn himself into law enforcement until he saw a report on the television news. McCoy was twelve feet off of the side of the road, where he was found later that morning.

We hold that the question of whether defendant should reasonably have known that he struck a person was properly submitted to the jury. It was for the jury to determine the

weight and credibility of the evidence submitted by both the State and defendant.

Given this holding, defendant cannot show prejudice arising out of his counsel's failure to move for the dismissal of the charge at the conclusion of all of the evidence.

This argument is without merit.

DISMISSED IN PART, NO ERROR IN PART.

Judges HUNTER, Robert C., and BRYANT concur.